UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| David M. O'Neil,<br><br>                Plaintiff,<br><br>    v.<br><br>Putnam Retail Management Limited Partnership,<br><br>                Defendant. | CIVIL ACTION<br>NO.  05-10469 PBS |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Putnam Retail Management Limited Partnership ("Putnam") hereby answers the Complaint in the above-captioned matter as follows.

1. Putnam denies that Putnam employed plaintiff David O'Neil but admits that Mr. O'Neil was formerly employed by Putnam Fiduciary Trust Company ("PFTC") as a Retirement Plans Specialist; the remainder of the first sentence requires no response. Putnam denies the second sentence in paragraph 1. The third sentence of paragraph 1 states the relief sought by plaintiff and requires no response; to the extent a response is required, Putnam denies the third sentence.

## PARTIES

2. Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Putnam denies that it is incorporated under the laws of Delaware and admits the remaining allegations contained in paragraph 3, and further states that Putnam is not the correct defendant. Putnam states that Mr. O'Neil was employed by PFTC, which is not a member of the National Association of Securities Dealers.

## JURISDICTION

4.	Putnam admits that this Court has jurisdiction over plaintiff's claims based on the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311(a), but states that plaintiff's three USERRA claims have all been dismissed.

5.	Putnam admits that this Court has jurisdiction over plaintiff's state law claim under 28 U.S.C. § 1367.

## PROCEDURAL HISTORY

6.	Paragraph 6 sets forth the procedural history to which no response is required.

7.	Putnam denies the allegations contained in paragraph 7 and further states that the Court has dismissed plaintiff's USERRA claims on statute of limitations grounds.

## FACTUAL ALLEGATIONS

8.	Putnam denies the allegations contained in paragraph 8. Answering further, Putnam states that PFTC hired Mr. O'Neil in October 1997 as a Retirement Plans Specialist in the Retirement Plans Phones department.

9.	Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies same.

6.	Putnam denies the allegations contained in the second paragraph numbered 6.

7.	Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph numbered 7 and therefore denies same.

8.	Putnam denies the allegations contained in the second paragraph numbered 8.

9.	Putnam denies the allegations contained in the second paragraph numbered 9, except that Putnam admits that Mr. Ryan and Mr. Larivee were his supervisors.

10.	Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 10 and therefore denies same.

- 3 -

11. Putnam admits that Mr. O'Neil is a member of the United States Navy reserves, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph 11 and therefore denies same.

12. Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies same.

13. Putnam denies the allegations contained in paragraph 13.

14. Putnam denies the allegations contained in paragraph 14.

15. Putnam admits that Mr. O'Neil received warnings in July and November 1998, and denies the remaining allegations contained in paragraph 15.

16. Putnam admits that Mr. O'Neil acted inappropriately while on the telephone with a client in July 1998 and denies the remaining allegations contained in paragraph 16.

17. Putnam admits that the Mr. O'Neil was given a warning in November 1998 for being absent 5 times within a 6-month period and denies the remaining allegations contained in paragraph 17.

18. Putnam denies the allegations contained in paragraph 18.

19. Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies same. Answering further, Putnam states that the statement attributed to Mr. Ryan is consistent with Putnam and PFTC policy at the time.

20. Putnam denies the allegations contained in paragraph 20.

21. Putnam admits that Mr. O'Neil did not receive a pay increase in February 1999 and denies the remaining allegations contained in paragraph 21.

22. Putnam denies the allegations contained in paragraph 22.

23. Putnam admits that Mr. O'Neil was away from work from April 19, 1999 to May 5, 1999 but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 and therefore denies same.

24. Putnam admits that Mr. Larivee replaced Mr. Ryan as Mr. O'Neil's supervisor, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies same.

26. Putnam admits Mr. O'Neil was orally terminated in July 1999 and denies the remaining allegations contained in paragraph 26.

27. Putnam denies the allegations contained in paragraph 27.

28. Putnam denies the allegations contained in paragraph 28.

29. Putnam denies the allegations contained in the first sentence of paragraph 29 and states further that Mr. O'Neil's salary at the time of this termination was $24,720. Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 29 and therefore denies same.

30. Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies same.

31. Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 31 and therefore denies same.

32. Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 32 and therefore denies same.

33. Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 33 and therefore denies same.

34. Putnam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies same.

35. Putnam denies the allegations contained in paragraph 35.

### Count I: Wrongful Termination in Violation of USERRA

36. Count I has been dismissed and requires no response. To the extent a response is deemed required, Putnam incorporates by reference its answers to the allegations contained in the above paragraphs as if fully set forth.

37. Count I has been dismissed and requires no response. To the extent a response is deemed required, Putnam denies the allegations contained in paragraph 37.

38. Count I has been dismissed and requires no response. To the extent a response is deemed required, Putnam denies the allegations contained in paragraph 38.

39. Count I has been dismissed and requires no response. To the extent a response is deemed required, Putnam denies the allegations contained in paragraph 39.

### Count II: Denial of Benefits of Employment in Violation of USERRA

40. Count II has been dismissed and requires no response. To the extent a response is deemed required, Putnam incorporates by reference its answers to the allegations contained in the above paragraphs as if fully set forth.

41. Count II has been dismissed and requires no response. To the extent a response is deemed required, Putnam denies the allegations contained in paragraph 41.

42. Count II has been dismissed and requires no response. To the extent a response is deemed required, Putnam denies the allegations contained in paragraph 42.

43. Count II has been dismissed and requires no response. To the extent a response is deemed required, Putnam denies the allegations contained in paragraph 43.

### Count III: Denial of Benefits of Employment in Violation of USERRA

44. Count III has been dismissed and requires no response. To the extent a response is deemed required, Putnam incorporates by reference its answers to the allegations contained in the above paragraphs as if fully set forth.

45. Count III has been dismissed and requires no response. To the extent a response is deemed required, Putnam denies the allegations contained in paragraph 45.

46. Count III has been dismissed and requires no response. To the extent a response is deemed required, Putnam denies the allegations contained in paragraph 46.

47. Count III has been dismissed and requires no response. To the extent a response is deemed required, Putnam denies the allegations contained in paragraph 47.

### Count IV: Breach of Implied Contract

48. Putnam incorporates by reference its answers to the allegations contained in the above paragraphs as if fully set forth.

49. Putnam denies the allegations contained in paragraph 49.

50. Putnam denies the allegations contained in paragraph 50.

51. Putnam denies the allegations contained in paragraph 51.

52. Putnam denies the allegations contained in paragraph 52.

### First Affirmative Defense

53. Count IV is barred by the applicable statute of limitations as well as by the doctrines of estoppel, waiver, and laches.

### Second Affirmative Defense

54. Mr. O'Neil is barred from recovery by the doctrine of unclean hands.

### Third Affirmative Defense

55.     Mr. O'Neil is barred from recovery because, to the extent Mr. O'Neil suffered damages, which damages are denied, said damages were caused by Mr. O'Neil's own negligence.

### Fourth Affirmative Defense

56.     Mr. O'Neil is barred from recovery because, to the extent Mr. O'Neil suffered damages, which damages are denied, he failed to mitigate such damages.

### Fifth Affirmative Defense

57.     Mr. O'Neil is barred from recovery by the doctrine of assumption of the risk.

**Putnam Retail Management Limited Partnership,**

By its attorneys,

 /s/ Cynthia M. Guizzetti
Louis A. Rodriques, BBO #424720
Cynthia M. Guizzetti, BBO #653858
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated: January 10, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) (and that no paper copies are required as all participants are registered).

 /s/ Cynthia M. Guizzetti
Cynthia M. Guizzetti